Filed 6/16/16  P. v. Miller CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LATISHA MILLER,<br><br>Defendant and Appellant. | F069467<br><br>(Kern Super. Ct. No. BF146261A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Steven M. Katz, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Poochigian, J., and Smith, J.

Appointed counsel for defendant Latisha Miller asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment. We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

According to the probation officer's report, the following is a summary of a report made by the Kern County District Attorney's Office: "On August 16, 2012, a welfare fraud investigation was initiated revealing between the dates of June 1, 2008 and November 30, 2009 Latisha Miller, the defendant, admitted failing to report income she received through the In Home Health Support Services. It was determined the defendant received an over issuance of food stamps in the amount of $4,393.00 and an overpayment of cash aid in the amount of $4,570.00 for a total of $8,963.00. Upon speaking to the defendant she admitted culpability, but stated she did as her aunt told her to do." On January 24, 2014, defendant pled no contest to welfare fraud (Welf. & Inst. Code, § 10980, subd. (c)(2)).[1] The trial court dismissed a perjury count (Pen. Code, § 118)[2] in the furtherance of justice.

---

[1] Welfare and Institutions Code section 10980, subdivision (c)(2) provides: "Whenever any person has, willfully and knowingly, with the intent to deceive, by means of false statement or representation, or by failing to disclose a material fact, or by impersonation or other fraudulent device, obtained or retained aid under the provisions of this division for himself or herself or for a child not in fact entitled thereto, the person obtaining this aid shall be punished as follows: [¶] … [¶] (2) If the total amount of the aid obtained or retained is more than nine hundred fifty dollars ($950), by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of 16 months, two years, or three years, by a fine of not more than five thousand dollars ($5,000), or by both that imprisonment and fine; or by imprisonment in the county jail for a period of not more than one year, by a fine of not more than one thousand dollars ($1,000), or by both imprisonment and fine."

[2] All statutory references are to the Penal Code unless otherwise noted.

On May 27, 2014, the trial court granted defendant three years' probation, on the condition that she serve the first 60 days in jail. The court granted one day of credit. The remainder of the sentence was to be served in the work release program, if defendant proved eligible. The court ordered defendant to pay a $6,946 restitution (§ 1202.4, subd. (f)); a $200 restitution fund fine (§ 1202.4); a matching probation revocation fine, stayed upon successful completion of probation (§ 1202.44); a $40 court operations assessment fine (§ 1465.8); a $30 conviction assessment fine (Gov. Code, § 70373); and $40 per month in probation supervision costs.

On May 27, 2014, defendant filed a notice of appeal, checking boxes for all bases of appeal, and stating that she was improperly represented by the public defender. She explained that she had never received any money and had not committed fraud. She implicated her aunt and her aunt's daughter-in-law. The court granted her request for certificate of probable cause.

On July 1, 2014, defense counsel filed a written motion for an in camera hearing regarding defendant's desire to withdraw her plea. On July 9, 2014, a hearing was held on the motion, but defendant failed to appear and the matter was dropped.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

3